UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KATHY MAYER,<br><br>                Plaintiff,<br>v.<br><br>DWIGHT WALVATNE, Grant County Sheriff; GRANT COUNTY; GRANT COUNTY SHERIFF'S DEPARTMENT; NICHOLE O. MAHONEY d/b/a Grant County Abstract Company; and UNKNOWN DOES 1-10,<br><br>                Defendants. | Civil No. 07-1958 (JRT/RLE)<br><br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

Kathy Mayer, 28213 120th Avenue, Ashby, MN 56309, plaintiff *pro se*.

Joseph M. Bromeland, **WENDLAND SELLERS BROMELAND, P.A.**, PO Box 247, Blue Earth, MN 56013, for defendants Dwight Walvatne; Grant County; and Grant County Sheriff's Department.

H. Morrison Kershner and Katrina I. Wass, **PEMBERTON SORLIE RUFER & KERSHNER**, P.O. Box 866, Fergus Falls, MN 56538-0866; Amy J. Doll, **FLUEGEL HELSETH MCLAUGHLIN ANDERSON & BRUTLAG**, 215 Atlantic Avenue, Morris, MN, 56267, for defendant Nichole O. Mahoney.

This case is before the Court on plaintiff Karen Mayer's objections to the Report and Recommendation issued by United States Magistrate Judge Raymond L. Erickson on August 1, 2008. The Magistrate Judge recommended that this Court (1) grant Nichole Mahoney's ("Mahoney") Motion for Summary Judgment; (2) grant the County Defendants' Motion for Summary Judgment; and (3) dismiss Mayer's state law claims without prejudice. *See* 28 U.S.C. § 636(b)(1)(B). After reviewing the Report and

Recommendation *de novo*, *see* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b), the Court overrules Mayer's objection and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND[1]

Mayer brings this action against Mahoney and the County Defendants, alleging that they committed violations of federal law and violated Mayer's civil rights. Specifically, Mayer alleges violations of a variety of constitutional provisions; brings causes of action under 42 U.S.C. §§ 1983, 1985, 1986, and 1988; and brings several additional state law claims.

On December 15, 2006, Mayer alleges that she went to Mahoney's place of business, the Grant County Abstract Company ("Abstract Company"), to close on the sale of property that she was purchasing from Bryan and Jody Nelson. Mayer alleges that after the sale was completed, Mahoney refused to allow Mayer to take the deed to the property, and insisted on recording the deed that day. Mayer took the deed to the property over Mahoney's protests and Mahoney consequently refused to pay the necessary property taxes. Mayer alleges that Mahoney's failure to pay property taxes prevented Mayer from securing "homestead rights" on the property.

After the conflict regarding the disposition of the deed and property taxes, Mayer claims that Mahoney caused Bryan Nelson "to perform assault and battery" on Mayer.

---

[1] The facts below are recited only to the extent that they are relevant to the instant Order. A more complete factual background can be found in the Report and Recommendation. (Docket No. 56.)

Two weeks later, when Mayer went to the Grant County Courthouse to pay the delinquent property taxes to the Auditor's Office, Sheriff Dwight Walvatne arrested Mayer (on an allegedly stale warrant) and detained her until she posted bail.  Mayer claims that Mahoney had personally hired Walvatne to interfere with the sale of the property.  As a result of the collective defendants' actions, Mayer alleges that she has been ostracized by neighbors and faces excommunication from her church.

Mayer alleges five federal causes of action against each of the defendants: (1) unreasonable seizure in violation of the Fourth Amendment; (2) due process violations under the Fifth Amendment; (3) deprivation of the right of association, the right to petition for redress of grievance, and the right to practice one's religious faith; (4) due process violations under the Fourteenth Amendment; and (5) "Municipal Liability/Custom and Policy."  Mayer also asserts state law claims against the defendants for (1) illegal arrest and detention, deprivation of liberty and privacy, excessive bail, and unreasonable seizure in violation of a variety of provisions of the Minnesota State Constitution; and (2) intentional infliction of emotional distress.

## ANALYSIS

Upon the filing of a Report and Recommendation by a magistrate judge, a party may "serve and file specific written objections to [the] proposed findings and recommendations."  28 U.S.C. § 636(b)(1)(C); *see also* D. Minn. LR 72.2(b).  The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections.

*See, e.g.*, *Morgan v. N.C. Dep't of Health & Human Svcs.*, 421 F. Supp. 2d 890, 893 (W.D.N.C. 2006).

Here, Mayer responds to the Report and Recommendation with a 39-word objection: "I, Kathy Mayer, object to Chief Magistrate Judge Erickson's Report and Recommendation in it's [sic] entirety.  I specifically and expressly state that Nichole O. Mahoney did conspire with Sheriff Walvatne and together they did deprived [sic] me of my property rights."  (Docket No. 57.)

As noted, Mayer's complaint alleges a host of federal and state law violations, each of which the Magistrate Judge addresses separately in the Report and Recommendation.  Mayer's objection, however, fails to identify which claims she is referring to, or which aspect of the Magistrate Judge's analysis she disagrees with.  Mayer merely claims that the defendants "did conspire . . . together," which could refer to any federal or state claim Mayer originally made in her complaint.  In such circumstances, the Court finds that Mayer has failed to identify a basis for rejecting the Report and Recommendation of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C).

Despite this failure,, the Court has independently reviewed the files, records, and proceedings in this case.  The Court finds that the Magistrate Judge applied the correct standard of review to the motion for summary judgment. The Court also finds the Magistrate Judge's application of relevant First, Fourth, Fifth, and Fourteenth Amendment law; statutes providing causes of actions by private citizens against state actors; and statutes providing causes of action for conspiracies to interfere with civil rights is both accurate and comprehensive.  Further, the Court agrees with the Magistrate

-5-

Judge that this Court should decline to exercise supplemental jurisdiction over Mayer's state law claims. Accordingly, those state law claims should be dismissed without prejudice.

## ORDER

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objection to the Report and Recommendation of the Magistrate Judge [Docket No. 57] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated August 1, 2008 [Docket No. 56]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Mahoney's Motion for Summary Judgment [Docket No. 23] is **GRANTED**;

2. The County Defendants' Motion for Summary Judgment [Docket No. 40] is **GRANTED**; and

3. Plaintiff Mayer's state law claims are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 29, 2008             ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                       United States District Judge